## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **NICHOLAS A CARUCCIO,** | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| v. | * | Civil Case No: 1:22-cv-01477-JRR |
| | * | |
| **MARCO TECHNOLOGIES LLC,** | * | |
| | * | |
| *Defendant.* | | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## REPORT AND RECOMMENDATIONS ON DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 37(d)[1]

On April 27, 2023, Defendant Marco Technologies LLC filed a Motion to Dismiss Pursuant to Rule 37(d) (ECF No. 18).  On April 28, 2023, United States District Judge Rubin referred this case to the undersigned for all discovery and related scheduling.  (ECF No. 19).  Since Judge Rubin's referral to the undersigned, Plaintiff Nicholas Caruccio has filed an Opposition (ECF No. 23), and Defendant has filed a Reply (ECF No. 24).  The undersigned has considered all relevant filings and finds that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  For the reasons set forth below, the undersigned recommends that the Court deny Defendant's Motion.

---

[1] Although Defendant's Motion (ECF No. 18) requests only that the Court dismiss Plaintiff's case with prejudice, Defendant's Reply contemplates two lesser sanctions: (1) "that a new scheduling order be entered that allows only for the Defendant to proceed with depositions and discovery[,]" or (2) that the Court impose the sanction of attorney's fees and expenses against Plaintiff.  (ECF No. 24 at p. 6).  Because Defendant alternatively seeks non-dispositive relief pursuant to Fed. R. Civ. P. 37, which addresses discovery violations, and this matter was referred by Judge Rubin—the U.S. District Judge presiding over this case—to the undersigned for all discovery and related scheduling, the undersigned's authority derives from 28 U.S.C. § 636(b) and Local Rule 301.5.a. as to such relief, subject to a "clearly erroneous" standard of review by Judge Rubin.  However, because Defendant primarily seeks the dismissal of Plaintiff's case with prejudice, this aspect of relief is "dispositive," so as to (1) limit the undersigned's authority over this aspect of relief to a "recommendation" pursuant to Local Rule 301.5.b and (2) change the standard of review by Judge Rubin to a *de novo* determination as to the undersigned's recommendations regarding Defendant's Motion.  As such, the undersigned's filing is presented to Judge Rubin as a report and recommendation in its entirety.

However, the undersigned will recommend that the Court impose the lesser sanction of cost's and attorney's fees resulting from Defendant's Motion, Reply, and prior letter (ECF No. 16).

## I.  BACKGROUND

In his Opposition, Plaintiff "does not dispute the Defendant's assertion that Plaintiff's responses to written discovery requests are overdue under the Rules." (ECF No. 23 at p. 1). Furthermore, Plaintiff does not contest the facts as set for in the "Factual Background" section of Defendant's Motion. Accordingly, the Court will set forth the facts as attested to by Defendant.

On June 15, 2022, Plaintiff filed a Complaint against Defendant alleging discrimination and retaliation in violation of the Americans with Disabilities Act and Americans with Disabilities Amendments Act ("ADA").[2] (ECF No. 1 at p. 2, ¶ 4). On January 30, 2023, Judge Rubin entered a Scheduling Order, thereby opening discovery and setting the discovery deadline as June 12, 2023. (ECF No. 12 at pp. 1–2). On January 31, 2023, Defendant served Plaintiff with interrogatories and requests for production of documents. (ECF No. 18-1 at p. 1). Accordingly, Plaintiff's responses to these discovery requests were due on March 3, 2023. *Id.* at p. 2. On three separate occasions—March 8th, 10th, and 24th of 2023—prior to the filing of Defendant's Motion, Defendant reminded Plaintiff that Plaintiff's responses were overdue. *Id.* On March 10, 2023, after Defendant reminded Plaintiff for the second time that responses were overdue, Plaintiff apologized for the delay, portrayed a desire to not involve the Court, and indicated that Plaintiff would file responses by the "end of the week."[3] *Id.* However, Plaintiff did not do so. *Id.*

---

[2] Plaintiff also brings claims alleging violations of the Family and Medical Leave Act ("FMLA") and Maryland Public Policy. (ECF No. 1 at pp. 12–14).

[3] Specifically, Plaintiff responded to Defendant by stating, "Sorry for the delay. I do not believe we need to involved [*sic*] the Court. I would appreciate your patience until the **end of the week.** Thank you for your consideration." (ECF No. 18-1 at p. 2) (emphasis and error identification in original).

On March 24, 2023, Defendant informed Plaintiff that Defendant intended to file a motion to dismiss due to Plaintiff's failure to provide discovery responses. *Id.* Furthermore, on April 4, 2023, Defendant filed a letter (ECF No. 16) informing the Court of Defendant's intent to file a motion to dismiss predicated on Plaintiff's failure to provide discovery responses. Thereafter, on April 27, 2023, Defendant filed its Motion. As of the filing of this Report and Recommendations, Plaintiff has inexplicably failed to file responses to Defendant's discovery requests. (ECF No. 18-1 at p. 2).

## II.      LEGAL STANDARD

"Pursuant to [Fed. R. Civ. P.] 37(d), courts may impose certain sanctions on a party who fails to respond to interrogatories; fails to respond to a request for inspection; or fails to appear for properly noticed depositions." *Hughley v. Leggett*, No. DKC 11-3100, 2013 WL 3353746, at *2 (D. Md. July 2, 2013). Such sanctions include:

> [R]endering designated facts established for purposes of the action; prohibiting a party from supporting or opposing designated claims or defenses or from introducing evidence; striking pleadings; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; or issuing a default judgment.

*Id.* (quoting Fed. R. Civ. P. 37(d) & 37(b)(2)(A)(i)–(vi)) (internal quotation marks omitted). Importantly, [u]nlike where a party provides inadequate or incomplete discovery responses, Rule 37(d) allows for the imposition of sanctions, including dismissal or entry of default, even when the noncomplying party has not violated a court order." *Hughley*, 2013 WL 3353746 at *2 (citing Wright & Miller, Fed. Prac. & P. § 2291 (3d ed. 2008) ("No court order is required to bring Rule 37(d) into play. It is enough that a notice of the taking of a deposition or a set of interrogatories or a request for inspection has been properly served on the party.")). "The Court has broad discretion when determining whether to impose sanctions." *First Am. Title Ins. Co. v. Borniva*,

No. GJH-19-3233, 2023 WL 1995410, at *3 (D. Md. Feb. 13, 2023) (citing *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 518 (D. Md. 2000)).[4]

In determining whether to impose discovery sanctions, the Fourth Circuit requires that a court consider four factors:

> (1) the evidence of bad faith by the non-complying party; (2) the amount of prejudice noncompliance caused the opposing party, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of non-compliance; and (4) the effectiveness of less drastic sanctions.

*Hughley*, 2013 WL 3353746 at *2 (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–04 (4th Cir. 1977)) (internal quotation marks omitted).  However, "[t]he sanction of dismissal is generally limited to the most flagrant case[s], where the party's noncompliance represents bad faith and callous disregard for the authority of the district court *and* the Rules."  *Hughley*, 2013 WL 3353746 (emphasis added).

## III.    ANALYSIS

Defendant argues that dismissal of Plaintiff's action is warranted because all four factors which the Court must consider compel such a determination.  *See* (ECF Nos. 18 & 24).  For his part, Plaintiff argues that he "has every intent to fully and completely respond . . ." to Defendant's discovery requests.  (ECF No. 23 at p. 1).  Furthermore, Plaintiff argues against dismissal by contending that "[t]he Fourth Circuit Court of Appeals has also required that the district courts provide a[] clear and explicit warning to a litigant about the possibility of such a harsh sanction

---

[4] The Court notes that "A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action."  Fed. R. Civ. P. 37(d)(1)(B). Here, Defendant did not file a separate "certificate" along with its Motion memorializing its good faith efforts to obtain Plaintiff's discovery responses without Court intervention.  However, Defendant's Motion and earlier letter to the Court are sufficient to establish that Defendant has made good faith efforts to resolve this issue without Court intervention.

before imposing it." *Id.* at p. 2 (citing *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40–41 (4th Cir. 1995)).  Although Plaintiff makes no argument regarding the first three factors the Court must consider—bad faith, prejudice, and deterrence—the undersigned will consider each factor immediately below.

### A. *Plaintiff Has Acted in Bad Faith in Failing to Respond to Discovery Requests.*

Plaintiff's bad faith is evident in the case *sub judice*.  "The failure to comply with the basic rules of discovery will often be seen as evidencing at least some degree of bad faith." *Borniva*, 2023 WL 1995410 at *3 (citing *McFeeley v. Jackson St. Ent., LLC*, No. DKC-12-1019, 2014 WL 4182231 at *2 (D. Md. Aug. 19, 2014) ("[p]laintiff's complete unresponsiveness in this case, without any justification or excuse, is enough to presume bad faith.")) (other citation omitted). Here, Plaintiff's discovery responses are more than three months overdue.  Plaintiff has explicitly promised responses by dates certain in the past, but failed to provide them.  It is evident that Plaintiff put forth significant effort in drafting a well-reasoned and thorough Opposition to Plaintiff's Motion.  However, the Court cannot fathom why Plaintiff has not put forth similar effort in correcting the very misconduct that required such briefing, i.e., Plaintiff should have—and has failed to explain why he has not—answered Defendant's discovery requests by now.

### B. *Defendant Has Suffered Prejudice Due to Plaintiff's Failure to Provide Discovery Responses.*

Defendant has suffered prejudice as a result of Plaintiff's failure to provide discovery responses.  "The purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available." *Middlebrooks v. Sebelius*, No. PJM 04-2792, 2009 WL 2514111 at *3 (D. Md. Aug. 13, 2009). Furthermore, "added expenses, aggravation, and unnecessary delay . . . from [a party's] repeated failures to comply with the discovery rules can constitute prejudice." *Borniva*, 2023 WL 1995410

at *4 (quoting *Laios v. MTM Builder/Dev. Inc.*, No. 13-cv-2953-GJH, 2014 WL 6066017, at *3 (D. Md. Nov. 12, 2014)) (other citation and internal quotation marks omitted).  Here, Defendant has been precluded from obtaining information necessary to form a defense.  Additionally, Defendant has suffered additional aggravation and expense in the form of an ever-growing delay in Plaintiff's discovery responses and the need to submit three filings to the Court (ECF Nos. 16, 18, & 24).  Plaintiff has delayed and frustrated the entirety of this case's initial discovery period, and Defendant has been prejudiced.  *See Allen v. One Stop Staffing, LLC*, No. 1:19-CV-02859-ELH, 2021 WL 4272328, at *3 (D. Md. Sept. 21, 2021), *report and recommendation adopted as modified*, No. CV ELH-19-2859, 2021 WL 8315004 (D. Md. Oct. 13, 2021) ("[p]laintiff's failure to participate in the case has clearly prejudiced [the d]efendant.  There has been no discovery as a result of Plaintiff's unresponsiveness, and it cannot be disputed that plaintiff's failure to answer even a single interrogatory precludes defendant from preparing a defense.") (other citation and internal quotation marks omitted)).

### C.  Plaintiff's Inexplicable Failure to Provide Discovery Responses Demands Deterrence.

Regarding deterrence, "[a] party's 'indifference to discovery deadlines' warrants deterrence."  *Borniva*, 2023 WL 1995410 at *4 (quoting *Laios*, 2014 WL 6066017 at *4).  There is no doubt that Plaintiff knows he has not complied with his obligation to timely provide discovery responses.  There is a strong need for deterrence in this instance.

### D.  Sanctions Less Drastic Than Dismissal Are Appropriate.

Lastly, the Court must consider the effectiveness of a sanction less drastic than dismissal. As stated above, the sanction of dismissal is ordinarily reserved only for the most egregious of cases.  Indeed, "the Fourth Circuit has encouraged trial courts initially to consider imposing sanctions less severe than [dismissal], such as awards of costs and attorney's fees to ensure that

the noncompliant party had fair warning of . . ." the consequences of its failures.  *Uribe v. Aaron's, Inc.*, No. GJH-14-0022, 2014 WL 5797795, at *2 (D. Md. Nov. 5, 2014) (quoting *Steigerwald v. Bradley*, 229 F. Supp. 2d 445, 449 (D. Md. 2002) (quoting *Hathcock*, 53 F.3d at 41)) (internal quotation marks omitted).  "The Fourth Circuit has emphasized the importance of warning a party prior to dismissing its claim as a discovery sanction."  *Uribe*, 2014 WL 5797795 at *4 (citing *Hathcock*, 53 F.3d at 40 ("[T]his court has emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction."); *Choice Hotels Int'l v. Goodwin and Boone*, 11 F.3d 469, 471 (4th Cir. 1993) ("The Plaintiff is entitled to be made aware of this drastic consequence of failing to meet the court's conditions at the time conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid it."); *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59 (D. Md. 1998) (noting that the Fourth Circuit requires that "district courts must precede dismissal with an explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice.")).  Of course, the "contention that a clear and explicit warning of dismissal must always be given is not supported by any specific authority."  *Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 225 (4th Cir. 2019).  However, "[c]ourts in the Fourth Circuit generally impose dispositive sanctions only after providing 'clear and explicit' warning of the possibility of such a sanction to the noncompliant party."[5] *Quan v. TAB GHA F&B, Inc.*, No. TDC-18-3397, 2021 WL 1652817, at *1 (D. Md. Apr. 26, 2021) (other citations omitted).

---

[5] This Court has recognized that:

> [i]n a line of cases dealing with defaults and dismissals with prejudice under Rule 37 and Rule 41, the Fourth Circuit has added another factor to the mix, i.e., that district courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice. . . . Indeed, the Fourth Circuit has noted that considerations of constitutional due process also suggest that the district court's warning must be explicit and clear.

*Sadler*, 178 F.R.D. at 59 (other citations and internal quotations omitted) (emphasis added).

Defendant argues that a warning to Plaintiff regarding the possibility of dismissal is not necessary prior to dismissal because Plaintiff has "refused to provide *any* responses to discovery."[6] (ECF No. 24 at p. 3) (emphasis in original).  In Defendant's view, the proper consideration is whether a 'party facing dismissal or default judgment is aware of the possible sanctions.'"  *Id.* (quoting *Robertson v. Deco Sec., Inc.*, No. WDQ-09-3093, 2010 WL 3781951 at *3 (D. Md. Sep. 22, 2010).  Going even further, Defendant maintains that the cases on which Plaintiff depends for the proposition that a warning is required prior to dismissal involve *pro se* parties.  (ECF No. 24 at pp. 1–4).  Lastly, Defendant proposes that Plaintiff was provided sufficient warning through (1) Defendant's multiple reminders to Plaintiff that discovery responses were overdue, (2) Defendant's letter to the Court, and (3) Defendant's Motion.

The Court cannot completely agree with Defendant on its arguments as outlined above. First, the Court notes that *pro se* parties are not involved in either *Uribe* or *Hathcock*, both of which are cases emphasizing the importance of providing a clear and explicit warning prior to imposing a sanction as severe as dismissal or default judgment.  Furthermore, Defendant has not pointed the Court to any caselaw indicating that the Court's ordinary practice of providing a clear and explicit warning prior to imposing a sanction as severe as dismissal is implemented only when *pro se* parties are involved.  *See e.g.*, *Baptiste v. Nat'l R.R. Passenger Corp.*, No. CBD-14-3279, 2015 WL 5714103 (D. Md. Sept. 28, 2015) (recognizing that fair warning is ordinarily required prior to the extreme sanction of dismissal even when the parties in the case were represented by counsel).

---

[6] The Court wishes to briefly dispel this argument.  Defendant relies heavily on *Hughley*, and in that case, the Court imposed the sanction of dismissal in light of the plaintiff bringing suit and "utterly fail[ing] to participate in discovery or otherwise respond . . . ."  *Id.* 2013 WL 3353746 at *2.  However, the circumstances in that case included several extensions to the discovery period, an unopposed motion for dismissal, and a letter from the Clerk warning the plaintiff that failure to oppose the defendants' motion to dismiss may result in dismissal of the case.  As such, the facts of *Hughley* are easily distinguishable from the facts of the case *sub judice*.

Second, Defendant correctly cites *Robertson* for the proposition that the Court must consider whether the party facing dismissal is aware of the possible sanctions.  However, Defendant fails to mention that in *Robertson*, the Court followed this recognition by explaining the need to provide an explicit and clear warning before imposing the most severe of sanctions. *Robertson*, 2010 WL 3781951 at *3.  Furthermore, Defendant failed to mention that *Robertson* is another case in which the parties were represented by counsel, yet the Court still considered a clear and explicit warning to be appropriate. *See id.*

Lastly, the Court cannot conclude that warnings coming from opposing counsel are sufficient to satisfy the Court's ordinary practice of providing a party with a clear and explicit warning prior to imposing the sanction of dismissal.  Defendant has provided no caselaw support indicating that this Court has contemplated warnings of dismissal by opposing counsel as sufficient to qualify as a clear and explicit warning.  It appears obvious that the warning must come from the Court itself. *See Baptiste*, 2015 WL 5714103 at *4 ("Finally, another factor that weighs against dismissal is that *the Court* did not issue an explicit and clear warning indicating that Plaintiff's conduct could terminate in dismissal of the Amended Complaint.") (emphasis added).  To hold otherwise appears to defy logic.  There is a long line of cases heavily favoring the issuance of a warning prior to dismissal.  In those cases, the fact that the Fed. R. Civ. P. existed and plainly set forth what was expected of the parties did not dissuade the Court from still preferring a clear and explicit warning from the Court.  If the existence of the Fed. R. Civ. P. is not enough to provide a clear and explicit warning that dismissal may occur, then the mere threat by opposing counsel that it will ask the Court for dismissal cannot possibly amount to the clear and explicit warning this Court contemplates.

Although the undersigned does not believe dismissal with prejudice is warranted at this stage, the undersigned does believe that some sanctions are appropriate. "Instead of or in addition to these sanctions [set forth in Rule 37(d)(1)(A)], the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). There is no substantial justification for Plaintiff's failure to respond to discovery requests, nor are there other circumstances warranting a waiver of this sanction. Accordingly, the undersigned recommends that the Court impose against Plaintiff the sanction of attorney's fees and costs resulting from Defendant's Motion, Reply, and prior letter.[7]

## IV.    CONCLUSION

For the reasons set forth above, the undersigned recommends that:

1. The Court DENY Defendant's Motion to Dismiss Pursuant to Rule 37(d) (ECF No. 18);

2. The Court impose against Plaintiff and Plaintiff's counsel the sanction of attorney's fees and costs resulting from Defendant's Motion (ECF No. 18), Reply (ECF No. 24), and prior letter to the Court (ECF No. 16); and

3. The Court permit Defendant fourteen (14) days to file an application for attorney's fees and costs.

---

[7] The undersigned recommends against Defendant's proposed alternative sanction, i.e., entering a scheduling order that permits only Defendant to proceed with depositions and discovery. To enter such a sanction would be tantamount to dismissing Plaintiff's case without prejudice insofar as either of those sanctions very likely result in the same ultimate outcome, i.e., a total victory in Defendant's favor.

NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error. Fed R. Civ. P. 72; Loc. R. 301.5(b).

Date: <u>June 9, 2023</u>                                     <u>            /s/            </u>
                                                             J. Mark Coulson
                                                             United States Magistrate Judge