IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NICHOLAS A. CARUCCIO<br><br>Plaintiff,<br><br>v.<br><br>MARCO TECHNOLOGIES, INC.<br><br>Defendant. | Civil No. 1:22-cv-01477-JRR |

## MEMORANDUM OPINION

This matter comes before the court on Defendant's Motion to Dismiss Pursuant to Rule 37(d) (ECF No. 18; the "Motion").

**Background**

Plaintiff sued Defendant for violation of various employment related statutes and for wrongful termination in violation of Maryland common law. (ECF No. 1.) Following issuance of a scheduling order on January 30, 2023, (ECF No. 12), Defendant served interrogatories and requests for documents on January 31, 2023, responses to which were due March 3, 2023. Plaintiff failed to respond. Defense counsel patiently and diligently contacted Plaintiff's counsel about Plaintiff's deficiency three times to no avail before opting to involve the court. After advising the court of its intention to do so (ECF No. 16), Defendant filed the Motion on April 27, 2023, which seeks dismissal of the Complaint per Rule 37(d). (ECF No. 18.) Following reference of this action to Judge Coulson (ECF No. 19), Plaintiff opposed the Motion, and Defendant filed a reply.

Judge Coulson issued a Report and Recommendation on June 9, 2023, recommending that the court deny the Motion and, instead of dismissing the Complaint, impose the sanction of attorney's fees and costs incurred as a result of the Motion and letter to the court.  (ECF. No. 25)  Defendant filed timely objections to Judge Coulson's Report and Recommendation on June 23, 2023 (ECF No. 27); Plaintiff filed no objection or response to Defendant's objection.

The court has reviewed all motions papers, Judge Coulson's Report and Recommendation, and Defendant's objections to same.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2023).

**Standard of Review**

The Motion requests dismissal of this action as a sanction pursuant to Rule 37 for failure to provide discovery responses.  On review of a Magistrate Judge's resolution of a Rule 37 motion, the standard is governed by the result the Magistrate Judge determines, in the exercise of his discretion, is the appropriate outcome – not the relief requested by the movant.  *Edwards v. DeBord*, 2021 WL 5827324 (W.D. Va. Dec. 8, 2021); *Interpreter Services, Inc. v. BTB Technologies, Inc.,* 2012 WL 984279 (D. S.D. Mar. 22, 2012); and *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511 (10th Cir. 1995).  Therefore, because Judge Coulson concluded that dismissal is not appropriate, the court proceeds under Rule 72(a) to review the Report and Recommendation for clear error, affording "'great deference to the judgment calls necessarily made by [Judge Coulson] in the course of resolving'" this discovery dispute.  *U.S. v. Performance Food Group, Inc*., 2015 WL 2226252 at *1 (D. Md. Apr. 23, 2015); *Huggins v. Prince George's Cnty.,* 750 F. Supp.2d 549, 559 (D. Md. 2010); *Buchanan v. Consolidated Stores Corp.,* 206 F.R.D. 123 (D. Md. 2002); *In re Subpoena of American Nurses Ass'n*, 2013

WL 5741242 (D. Md. Aug. 8, 2013); *Edwards*, 2021 WL 5827324 at *3; *Interpreter Services, Inc.,* 2012 WL 984279 at *1 n.2; and *Gomez,* 50 F.3d at 1520.

**The Report and Recommendation**

Judge Coulson examined the criteria that must be satisfied to warrant dismissal as a sanction under Rule 37(d):

> "In determining whether to impose discovery sanctions, the Fourth Circuit requires that a court consider four factors: (1) the evidence of bad faith by the non-complying party; (2) the amount of prejudice noncompliance caused the opposing party, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of non-compliance; and (4) the effectiveness of less drastic sanctions. *Hughley,* 2013 WL 3353746 at *2 (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.,* 872 F.2d 88, 92 (4th Cir. 1989) (citing Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 503– 04 (4th Cir. 1977)) (internal quotation marks omitted). However, '[t]he sanction of dismissal is generally limited to the most flagrant case[s], where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules.' *Hughley*, 2013 WL 3353746 (emphasis added)."

(ECF No. 25 at 4.)

Judge Coulson concluded that Plaintiff acted in bad faith by failing to comply with basic discovery obligations, assuring defense counsel that he would provide discovery responses and failing to do so, and failing to offer any explanation for his conduct. Judge Coulson further concluded that Defendant suffered prejudice in the form of delay, expense, aggravation, and hampering its formation of a defense; and that "[t]here is a strong need for deterrence in this instance." (*Id.* at 4-6.) In considering whether a sanction less drastic than dismissal is appropriate, Judge Coulson noted that the Fourth Circuit cautions that dismissal is reserved for the most egregious of sanctionable conduct, and the law strongly favors trying cases on their merits where reasonably possible and appropriate. Judge Coulson further noted that the law disfavors imposition of dismissal as a Rule 37 sanction where the court has not afforded the non-compliant party "clear and explicit" "fair warning" of the possibility of dismissal as a sanction

for non-compliance. *Id.* at 6-7 (citing and quoting *Uribe v. Aaron's, Inc.,* No. GJH-14-0022, 2014 WL 5797795 (D. Md. Nov. 5, 2014); *Steigerwald v. Bradley*, 229 F. Supp. 2d 445 (D. Md. 2002); *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36 (4th Cir. 1995); *Choice Hotels Int'l v. Goodwin and Boone,* 11 F.3d 469 (4th Cir. 1993); *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56 (D. Md. 1998); *Quan v. TAB GHA F&B, Inc.,* No. TDC-18-3397, 2021 WL 1652817 (D. Md. Apr. 26, 2021). Judge Coulson provided lengthy and thorough analysis of his conclusion that communication from counsel and motions papers seeking dismissal are not adequate to provide the requisite "clear and explicit" warning that dismissal could result from non-compliance as contemplated by the law; instead, the warning must come from the court. (ECF No. 25 at 6-9.)

Judge Coulson concluded that, while a sanction should be imposed for Plaintiff's failures and resultant prejudice, a lesser sanction than dismissal is appropriate in the form of an award of fees and costs resulting from the Motion and defense counsel's pre-Motion notice to the court. Judge Coulson also rejected Defendant's alternative request (set forth in its Reply papers for the first time) that Plaintiff be prohibited from engaging in depositions and other discovery forms as "tantamount to dismissing Plaintiff's case." *Id.* at 10 n.7.

**Objections**

Defendant objects to the Report and Recommendation on the following grounds: 1) Plaintiff still had not provided the outstanding discovery as of the filing of Defendant's Objection on June 23, 2023; 2) Plaintiff "received sufficient warning" that dismissal could result from discovery non-compliance; and 3) a lesser sanction is insufficient as demonstrated by Plaintiff's continued failure following the Report and Recommendation, which has added to

Defendant's prejudice and establishes that "the need for deterrence has heightened." (ECF No. 27.)

Defendant's complaint that Plaintiff had still not responded to discovery at the time of Defendant's objections does not fall on deaf ears. By order of August 1, 2023 (ECF No. 28), the court required the parties to notify the court by 10:00AM on August 2 whether Plaintiff had served the outstanding discovery. Rather astonishingly, Plaintiff filed its notice at 9:48AM on August 2, 2023, advising that Plaintiff served its discovery responses "via email on this date, August 2, 2023" – nearly two months after Judge Coulson's Report and Recommendation – and apparently motivated only by the court's August 1 order. That notwithstanding, this objection does not complain or aver that Judge Coulson's analysis or conclusions are contrary to law or clearly erroneous, but rather demonstrates that Judge Coulson's findings of bad faith and a need for deterrence are correct.

As to Judge Coulson's analysis regarding the sufficiency and manner of warning of dismissal, Defendant's objections essentially reassert its arguments considered and rejected by Judge Coulson; and the court finds no clear error in Judge Coulson's analysis and conclusions on this front.

Finally, Defendant's objection on the basis that a lesser sanction than dismissal is not appropriate is not based on any asserted flaw in Judge Coulson's fact finding or legal analysis, but rather in the fact that Plaintiff's discovery non-compliance continued unabated. Therefore, the court overrules the objection.

**Conclusion**

For the reasons set forth above, the court finds that Defendant has not carried its burden to demonstrate that Judge Coulson's proposed ruling that the Motion be denied is clearly erroneous or contrary to law. The court accepts and adopts in its entirety the Report and

Recommendation. Therefore, the Motion will be denied by accompanying order; and the court will impose the lesser sanction of reasonable attorney's fees and costs.

August 2, 2023

/S/
_____
Julie R. Rubin
United States District Judge